# EXHIBIT Q

REDACTED [redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ADVANCED MEMORY TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SK HYNIX INC.,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:24-CV-1078-JRG-RSP |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Advanced Memory Technologies, LLC ("AMT") and Defendant SK hynix Inc. ("SK hynix), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties in the above-captioned action involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document,

information or material as follows: "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The words "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" both individually and collectively.

Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; (e) discovery responses, including answers to interrogatories and to requests for admission, and (f) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY, or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 15 herein:

(a) outside counsel of record in this Action for the Parties;

(b) employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d) up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and any employees or support staff of such outside consultants or experts, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than outside consulting; (2), before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least five (5) business days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within five (5) business days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. In the event of such a dispute, no disclosure shall occur until all such objections are resolved by agreement or Court order;

(f) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services including mock jurors, mediators, and supporting personnel, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g) the Court and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party

reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. Documents, information or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL (i) shall be used by the Parties only in this litigation for prosecuting, defending, or attempting to settle this Action; (ii) shall not be used for any other purpose, and (iii) shall not be disclosed to any person who is not entitled to receive such Protected Material as herein provided. All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material, and any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes in good faith that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code, live data (that is, data as it exists residing in a database or databases), and/or schematics ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE." Source Code Material includes documents or electronically stored information

that contains a Party's critically sensitive trade secrets or intellectual property, the disclosure of which reasonably could be expected to cause exceptionally severe and irreparable damage to the producing Party. A document that merely quotes or cites filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names, and/or procedure names (*e.g.*, for notetaking or identification purposes) without reproducing any Source Code Material (including, but not limited to, reproducing any line of Source Code Material, or reproducing any portion of Source Code Material containing a Party's critically sensitive trade secrets or intellectual property) is not a Source Code Document and need not be designated "RESTRICTED CONFIDENTIAL SOURCE CODE" but should be designated "RESTRICTED – ATTORNEYS' EYES ONLY."

9. For Protected Material designated RESTRICTED - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in Paragraphs 5(a-b) and (e-g). Nothing in this paragraph precludes outside counsel for a Party from informing their client(s) designated under Paragraph 5(d) and who agree to be bound by this Protective Order of high-level damages estimates, solely to aid in settlement discussions or mediation and advise on damages models, so long as no information designated RESTRICTED - ATTORNEYS' EYES ONLY is revealed.

10. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a) Access to a Party's Source Code Material shall be provided on two "stand-alone" computers (that is, the computers may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet, other than to the extent necessary to make the Protected Material available for inspection on the computers) ("Source Code Computers"). The Source Code Computers may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic

copies solely for the limited purposes permitted pursuant to paragraphs 10 (j and n) below. The hardware and software specifications of the Source Code Computers (*e.g.*, processor speed, RAM, operating system, and monitor) shall be commensurate with that of computers used by the producing Party to work with source code in the ordinary course of business. Additionally, except as provided in paragraph 10(n) below, the Source Code Computers may only be located at the offices of the producing Party, the offices of the producing Party's outside counsel, or other location(s) mutually agreed upon by the producing Party and receiving Party. The Parties agree to cooperate in good faith to determine a mutually acceptable location for the Source Code Computers;

(b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computers to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. local time where the Source Code Computers are located. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the Source Code Computers outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Computers in order to access the produced Source Code Material on the Source Code Computers;

(d) No cell phones, PDAs, cameras, recordable or storage media (*e.g.*, USB drive), or computers (other than a notetaking laptop that cannot connect to the Internet and is provided by the producing Party) will be permitted inside the source code review room. A telephone and internet access will be provided in a room convenient to and near the source code review room—*i.e.*, a room in close proximity to the source code review room; a reviewer shall be permitted to access the internet and use a personal cell phone in that room. The receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code Material by hand or on the notetaking laptop with a current widely-used word processing program, for purposes of enabling the receiving Party's outside counsel and/or experts to take notes relating to the Source Code Material, but may not copy any line, or portion of Source Code Material containing a Party's critically sensitive trade secrets or intellectual property, into the notes; however, function names, variable names, parameter names, and other individual identifiers derived from Source Code Material, do not, by themselves, constitute a line, or portion of Source Code Material containing a Party's critically sensitive trade secrets or intellectual property, of Source Code Material. Any notes relating to the Source Code Material will be treated as "RESTRICTED – ATTORNEYS' EYES ONLY." The receiving Party shall be able to copy the notes from the note taking computer onto a recordable device at the end of each day of inspection under the supervision of the