**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ADVANCED MEMORY TECHNOLOGIES, LLC, | Civil Action No. 2:24-CV-1078-JRG-RSP |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| SK HYNIX INC., | |
| Defendant. | |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND P.R. 3-1**
**INFRINGEMENT CONTENTIONS**

**TABLE OF CONTENTS**

BACKGROUND .................................................................................................................. 1

ARGUMENT...................................................................................................................... 2

      A.    AMT Has Acted Diligently.................................................................................. 2

      B.    AMT's Proposed Amendments Are Important...................................................3

      C.    There Is No Prejudice to SK hynix ....................................................................3

      D.    A Continuance Is Unnecessary...........................................................................3

CONCLUSION.................................................................................................................... 4

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arigna Tech. Ltd. v. Volkswagen AG*,
    No. 2:21-CV-00054-JRG-RSP, 2022 WL 2761288 (E.D. Tex. Jan. 19, 2022)..........................3

*Greenthread, LLC v. OmniVision Techs., Inc.*,
    No. 2:23-CV-00157-JRG, 2024 WL 1744069 (E.D. Tex. Apr. 23, 2024) ................................3

*KAIST IP US LLC v. Samsung Elecs. Co.*,
    No. 2:16-CV-01314-JRG-RSP, 2018 WL 1806765 (E.D. Tex. Apr. 17, 2018)........................3

*Packet Intelligence LLC v. NetScout Sys.*,
    No. 2:16-CV-230-JRG, 2017 WL 2531591 (E.D. Tex. Apr. 27, 2017) ...................................2

*Traxcell Techs., LLC v. AT&T Corp.*,
    No. 2:17-CV-00718-RWS-RSP, 2018 WL 6078202 (E.D. Tex. Nov. 21, 2018)......................2

**Rules**

Rules 3-1 and 3-2 ..........................................................................................................1, 2, 4

Rule 3-6.........................................................................................................................1

Pursuant to Rule 3-6(b) of the Local Patent Rules, Plaintiff Advanced Memory Technologies, LLC ("AMT") respectfully moves for leave to amend its Disclosure of Asserted Claims and Infringement Contentions Pursuant to Local Patent Rules 3-1 and 3-2 with the amendments served on Defendant SK hynix Inc. ("SK hynix") on March 25, 2026. SK hynix does not oppose.

AMT seeks leave to supplement its infringement contentions to include additional discovery it obtained from reviewing SK hynix technical material. AMT's proposed amendments provide additional detail for existing infringement contentions. These amendments do not add any asserted claims.

## BACKGROUND

This Motion seeks leave to supplement AMT's prior infringement contentions by providing additional technical material in support of existing claims. These amendments constitute AMT's fourth set of infringement contentions, which differ from the previous set by providing additional elaboration of AMT's existing infringement theories using SK hynix discovery.

On April 2, 2025, AMT timely served its Disclosure of Asserted Claims and Infringement Contentions Pursuant to Local Patent Rules 3-1 and 3-2 on SK hynix. *See* ECF No. 28. Following discussion among the parties, AMT served proposed amended P.R. 3-1 contentions on SK hynix on June 25, 2025. The Court granted AMT's motion for leave to amend its contentions, which SK hynix did not oppose, on July 15, 2025. *See* ECF No. 59.

Beginning in the Fall 2025, SK hynix made available to AMT various sensitive technical information in the course of fact discovery. These materials included information relevant to AMT's infringement theories across various SK hynix products. AMT's experts devoted weeks to reviewing these materials in person. Following the experts' review and a December 17 inquiry from SK hynix seeking amendment, AMT served proposed amended infringement contentions on

1

SK hynix on January 2, 2026.  The Court granted AMT's unopposed motion for leave to amend its contentions on January 16, 2026. *See* ECF No. 97.

Following AMT's prior amended infringement contentions, AMT continued to diligently investigate and pursue its claims, including by reviewing materials made available for in-person inspection by SK hynix. AMT's proposed amendments supplement its existing contentions with this new evidence. SK hynix confirmed to AMT that it does not oppose amendment.

## ARGUMENT

Good cause exists to grant AMT's unopposed motion for leave to amend its Disclosure of Asserted Claims and Infringement Contentions Pursuant to Local Patent Rules 3-1 and 3-2.  This Court considers four factors in evaluating good cause: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded if the proposed amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Packet Intelligence LLC v. NetScout Sys.*, No. 2:16-CV-230-JRG, 2017 WL 2531591, at *1 (E.D. Tex. Apr. 27, 2017) (citation omitted).

### A.    AMT Has Acted Diligently

First, AMT has acted diligently and timely served infringement contentions. AMT has pursued discovery on its claims from the start of this case, and its instant Motion seeking leave to amend its contentions with a *fourth* set is evidence that AMT has actively sought to develop its claims throughout the course of this case. AMT's iterative amendments reflect the time-consuming nature of reviewing schematics and layout materials subject to in-person inspection protocols at the offices of SK hynix's counsel. Nevertheless, AMT has diligently pursued this discovery and seeks to add discovery obtained from those visits to its existing contentions, not assert new claims. This sort of amendment is proper. *See KAIST IP US LLC v. Samsung Elecs. Co.*, No. 2:16-CV-01314-JRG-RSP, 2018 WL 1806765, at *3 (E.D. Tex. Apr. 17, 2018) (explaining that a plaintiff

2

has no "*obligation* to supplement [its] contentions to include additional identifying information once known, so if [its] preliminary infringement contentions sufficiently identified the instrumentalities when served, they are sufficient now and the addition of more specific identifying information has no prejudicial effect.") (emphasis in original).

### B.    AMT's Proposed Amendments Are Important

Second, AMT's proposed amendments are important because they provide additional information about infringement across the scope of accused products. *See, e.g.*, *Arigna Tech. Ltd. v. Volkswagen AG*, No. 2:21-CV-00054-JRG-RSP, 2022 WL 2761288, at *2 (E.D. Tex. Jan. 19, 2022) (agreeing that amendments providing greater detail of how plaintiff's infringement theory applies are important). Furthermore, SK hynix has solicited greater detail from AMT throughout the course of discovery, and by amending its infringement contentions, AMT has provided more information. *See Greenthread, LLC v. OmniVision Techs., Inc.*, No. 2:23-CV-00157-JRG, 2024 WL 1744069, at *3 (E.D. Tex. Apr. 23, 2024) (granting leave to amend where amendments "were made in direct response to the conversations between [the parties]").

### C.    There Is No Prejudice to SK hynix

Third, there is no prejudice to SK hynix, which does not oppose amendment. AMT's proposed amendments do not add new claims or accuse new products; instead, they provide evidentiary support for infringement using documents obtained from SK hynix. Providing additional information does not prejudice SK hynix.

### D.    A Continuance Is Unnecessary

Fourth, there is no need for a continuance because AMT has not added new patents or new claims in its amendments.

## **CONCLUSION**

AMT respectfully requests that the Court grant this unopposed motion for leave to amend its Disclosure of Asserted Claims and Infringement Contentions Pursuant to Local Patent Rules 3-1 and 3-2.

Dated: May 1, 2026

Respectfully submitted,

*/s/ Justin Nelson*

Justin A. Nelson – Lead Counsel
Texas State Bar No. 24034766
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jnelson@susmangodfrey.com

Kalpana Srinivasan
California State Bar No. 237460
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com

Ian Gore
Washington State Bar No. 54519
Kemper Diehl
Washington State Bar No. 53212
Bianca Rey
Washington State Bar No. 62422
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
igore@susmangodfrey.com
kdiehl@susmangodfrey.com

4

brey@susmangodfrey.com

Ravi Bhalla
New York State Bar No. 5748223
Andrew Nassar
New York State Bar No.: 6162226
Stuart Pollack
New York State Bar No. 2952984
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
rbhalla@susmangodfrey.com
anassar@susmangodfrey.com
spollack@susmangodfrey.com

*Of Counsel*:
Claire Abernathy Henry
Texas State Bar No. 24053063
Andrea Fair
Texas State Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Fax: (903) 757-2323
claire@millerfairhenry.com
andrea@millerfairhenry.com

*Attorneys for Plaintiff AMT*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel for SK hynix were served with these documents electronically on May 1, 2026.

*/s/ Justin Nelson*
Justin Nelson

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies pursuant to Local Rule CV-7(h) that the parties met and conferred by email. SK hynix does not oppose.

*/s/ Justin Nelson*
Justin Nelson

6