**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ADVANCED MEMORY TECHNOLOGIES, LLC, *Plaintiff*, | § § § | |
| v. | § | Case No. 2:24-cv-01078-JRG-RSP |
| SK HYNIX INC., *Defendant*. | § § § § | |

**MEMORANDUM ORDER**

Before the Court is Defendant's Opposed Motion for Leave to Supplement the Expert Report of Dr. Alyssa Apsel. **Dkt. No. 165**. In its Motion, Defendant seeks to supplement the report of its technical expert, Dr. Alyssa Apsel, to address a new prior art reference, the Micron U48a DRAM ("U48a"). Defendant contends that the reference was first produced pursuant to a third-party subpoena on June 2, 2026. *Id.* at 1. Having considered the Motion, and for the reasons below, the Court **DENIES** Defendant's Motion.

## I. ANALYSIS

Defendant first lists several steps it undertook regarding the U48a prior art ground:

- Served a subpoena on Micron on July 1, 2025, wherein it sought "documents relating to Micron memory devices that predate the asserted patents." *Id.*
- Included it in its April 1, 2026, supplemental invalidity contentions. Dkt. No. 165 at 2.
- On June 2, 2026, Micron produced "detailed circuit schematics of the Micron U48a…and [its] supplemental invalidity contentions charting the U48a against the asserted claims of the '557 and '018 Patents." *Id.* at 3.
- On June 3, 2026, Defendant's technical expert, Dr. Apsel, served his opening expert report. *Id.* at 3.

- On June 12, 2026, Defendant served Dr. Apsel's supplemental expert report, which included U48a. *Id.* at 3-4.
- On June 16, 2026, Defendant filed this Motion and sought leave from the Court to Supplement Dr. Aspel's expert report with this U48a analysis. *See generally Id.*

Defendant notes that this June 2026 production, unlike prior productions, provides a "limitation-by-limitation anticipation analysis of the asserted claims" for U48a, and was within the expert discovery period, "which does not close until July 7, 2026." *Id.* at 3.

Defendant argues that all four factors in *Geiserman v. MacDonald*, "(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice," support supplementation. 893 F.2d 787, 791 (5th Cir.1990). For the first factor, Defendant argues the supplemental report's untimeliness resulted from later-produced third-party discovery and was served 9 days after Dr. Apsel's opening report. Dkt. No. 165 at 5. For the second, Defendant argues that the report is important, since it forms an independent invalidly ground under § 102 for certain claims of the '557 and '018 Patents. *Id.* at 6. For the third factor, Defendant argues that Plaintiff will suffer no prejudice, since the third-party production is not the first time U48a was introduced in this Case, and instead forms corroborating evidence that completes Dr. Apsel's U48a invalidity analysis and is only directed at a specific claim set. *Id.* at 6-7. Finally, Defendant argues that no continuance is necessary, giving that Plaintiff can respond within, or close to, the existing expert discovery timeline. *Id.* at 7.

Plaintiff responds and argues that Defendant chose to withhold U48a until this supplemental report, despite the opportunity to conduct a "preliminary U48a anticipation analysis." Dkt. No. 174 at 3-4. Plaintiff notes that the "majority" of information was already

available but not disclosed in Dr. Apsel's initial report. *Id.* at 4. Plaintiff argues that Defendant's actions – to withhold U48a until after the initial expert report deadline – indicates that it is not important. *Id.* Plaintiff argues this decision is prejudicial, since it compressed their rebuttal schedule, and left their validity expert unable to address Dr. Apsel's U48a opinions in the June 24 report. *Id.* Plaintiff concludes that a continuance is inappropriate, since it would set a "cascade" in motion that risks delaying the scheduled October 2026 trial date. *Id.* at 4-5.

The Court finds that the three remaining *Geiserman* factors cannot overcome Defendant's lack of diligence in pursuing third-party discovery from Micron. While the U48a documentation was produced by third-party Micron one day prior to the initial expert report deadline, Defendant's initial subpoena to Micron was served almost one year prior, on July 1, 2025. Other than an eleventh-hour motion for supplemental discovery (Dkt No. 153), filed less than a week before the initial expert report deadline, Defendant provides no indication that they diligently pursued these Micron documents, or sought the Court's assistance to complete the record from Micron. Taken together, these efforts are insufficient to demonstrate diligence by Defendant in their discovery efforts from Micron.

While this information may be important to complete the picture on Dr. Apsel's anticipation analysis for specific claims of the '557 and '018 Patents, the Court finds this cannot outweigh Defendant's lack of diligence in pursuing the subpoena to Micron. Given the late disclosure, and Plaintiff's minimal ability to rebut the supplemental report, the Court finds significant prejudice to Plaintiff. Therefore, the Court finds that Defendant's request is not proper and is **DENIED**.

## II. CONCLUSION

Having considered the Motion, and for the reasons discussed above, the Court **DENIES** Defendant's Motion.

**SIGNED this 5th day of August, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE