**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ADVANCED MEMORY TECHNOLOGIES, LLC, *Plaintiff*, | § § § | Case No. 2:24-cv-01078-JRG-RSP |
| v. | § § | |
| SK HYNIX INC., *Defendant*. | § § § | |

**MEMORANDUM ORDER**

Before the Court are two Motions, Plaintiff's Motion for Leave to Serve Supplemental Reports of Dr. Martin G. Walker, and Defendant's Opposed Motion to Withdraw its Motion to Strike (Dkt. No. 178). **Dkt. Nos. 183, 189**. In the former Motion, Plaintiff seeks leave to serve the supplemental report of its infringement expert, in light of updated representative products. Dkt. No. 183 at 1. In the latter Motion, Defendant seeks to withdraw its initial Motion to Strike New Infringement Opinions in the Rebuttal Expert Report of Dr. Martin Walker, in light of his supplemental report. Dkt. No. 189 at 1. Having considered the Motions, and for the reasons discussed below, the Court **GRANTS** both Motions.

## I. PLAINTIFF'S MOTION TO SUPPLEMENT (DKT. NO. 183)

In its Motion, Plaintiff seeks to serve a supplemental infringement report, from its infringement expert, Dr. Walker, in light of a last-minute change in the stipulated representative products. Dkt. No. 183 at 4. Plaintiff notes that this report adds no new infringement theories and instead adds evidence that purports to show "that each accused product infringes in the same manner as the representative product." *Id.* at 6. Plaintiff notes that Defendant was on notice of its plan to supplement prior to his July 2, 2026 deposition, and offered further deposition time if needed. *Id.* at 7.

In response, Defendant argues that Dr. Walker had the resources to analyze each product, and despite the Parties' ongoing representative product negotiations, he chose representative products different from what was ultimately stipulated. Dkt. No. 220 at 6-7. Defendant points to *BearBox LLC v. Lancium LLC* as instructive, and argues that an expert must prepare for the contingency that "the issue will not resolve in its favor." *Id.* at 7. (*citing* 125 F.4th 1101 (Fed. Cir. 2025)). Defendant points to several differences between the new and prior representative products, and argues that this difference is not as minor as Plaintiff represents. *Id.* at 10-12.

The Court finds that Plaintiff should be granted leave to supplement. While Dr. Walker had the resources to analyze each of the numerous accused products, during and after expert discovery, the Parties conducted ongoing negotiations towards a representative product, and Defendant was on notice that this representative product may change. Plaintiff's motion to supplement, filed 16 days after the opening report deadline is timely, and reflects the Parties' stipulation. The Court disagrees with Defendant's reliance on *BearBox*. Unlike Dr. Walker, who qualified his expert report with a forthcoming agreement *between the parties*, the expert in *BearBox* based his opinion on a pending ruling from *the court*. Unlike a pending court ruling, the Parties control which representative product they agree to, and an expert's reliance on what the parties agree to at the expert report deadline is reasonable. Therefore, the Court finds Dr. Walker's supplement appropriate and timely, and **GRANTS** Plaintiff's Motion.

## II. DEFENDANT'S MOTION TO WITHDRAW (DKT. NO. 189)

In its Motion, Defendant seeks to withdraw its Motion to Strike New Infringement Opinions in the Rebuttal Report of Dr. Martin Walker, in light of his July 7, 2026, supplemental report. Dkt. No. 189 at 2. Defendant seeks to then file a consolidated motion to strike, which encompasses all of Dr. Walker's reports, including his July 7 supplement. *Id.*

In light of the granting of Plaintiff's Motion to supplement, the Court finds Defendant's Motion to Withdraw is proper. Therefore, Defendant is granted leave to withdraw its Motion to Strike (Dkt. No. 178).

## III. CONCLUSION

Having considered the Motions, and for the reasons discussed above, the Court **GRANTS** both Motions. Therefore, it is **ORDERED** that

Plaintiff is granted leave to supplement its infringement report from its expert Dr. Walker; and Defendant is granted leave to **WITHDRAW** its Motion to Strike (Dkt. No. 178).

**SIGNED this 9th day of September, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE