**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ADVANCED MEMORY TECHNOLOGIES, LLC | §<br>§ | |
| | § | **CASE NO. 2:24-CV-01078-JRG-RSP** |
| v. | § | |
| SK HYNIX INC. | § | |

**Pretrial Conference
MAG. JUDGE ROY PAYNE PRESIDING
September 11, 2026**

**OPEN: 9:01 a.m.** **ADJOURN: 12:21 p.m.**

| | |
|---|---|
| ATTORNEYS FOR PLAINTIFF: | Justin Nelson, Andrew Nassar, Ian Gore, Kalpana Srinivasan, Claire Henry |
| ATTORNEYS FOR DEFENDANT: | Sean Pak, Richard Erwine, John Yin, Gyushik "Kevin" Jang, Brian Saunders, Jeffrey Jacobson |
| LAW CLERK: | Robert Plafker |
| COURT REPORTER: | Shelly Holmes |
| COURTROOM DEPUTY: | Wendy Asbel |

Court opened. Case called. Justin Nelson introduced co-counsel and announced ready. Sean Pak introduced co-counsel and announced ready.

The Court provided instructions and housekeeping matters to the parties. This case has been released from the October 5 docket and will not be on the November 6 docket either. The next docket after that is December 7. An order of trials list for that docket will be released sometime next month. Counsel will be notified as soon as possible.

The Court asked if there were any disputes left in the pretrial order before it was adopted. Mr. Nelson confirmed that the remaining issue had been resolved and noted the parties' agreements. Mr. Pak confirmed the agreements on behalf of the Defendant. The Court directed the parties to file on Monday a joint notice that sets out what was indicated about the paragraphs of the pretrial that are amended.

The Court discussed witnesses. Each side will be allowed 11 hours for evidence. Mr. Pak requested an additional hour to accommodate the three Korean witnesses who will be testifying through an interpreter. The Court will reconsider the request for 12 hours once the jury list comes out.

The parties will have 30 minutes per side for *voir dire*. The parties will have four peremptory strikes each side. Eight jurors will be seated. The parties will have 30 minutes for opening statements and 40 minutes for closing arguments. Opening statements are usually after lunch but counsel should be prepared to deliver those before lunch if time permits.

The Court will be available in chambers by 7:30 a.m. every morning to take up any housekeeping matters or late arriving disputes. If there are trial disputes to be resolved, the parties shall notify the Court, via email to the law clerk assigned to the case, no later than 10:00 p.m. Three (3) jointly prepared three-ring binders with disputed information are to be delivered to the Court by 7:00 a.m. the following day. The jury will report at 8:30 daily. Lunch is supplied to the jury, which means the lunch break will be held to roughly 45 minutes. Typically, the jury will be excused around 6:00 p.m., depending upon a stopping point with a particular witness.

It is the Court's practice to hold all Rule 50(a) motions until the close of all evidence. There will be an informal charge conference (off the record) to look at the state of the proposed jury instructions, usually held at the close of all evidence. The parties were encouraged to continue to meet and confer on jury instruction issues and narrow the disputes from where they stand. Same applies to the verdict form.

First day deposition designation disputes are handled by Judge Gilstrap. If the Plaintiff wants to use deposition testimony on the first day and there are objections to portions of that testimony, then it is incumbent on Plaintiff's counsel to schedule a time with Judge Gilstrap the week before trial so the disputes are resolved in advance of the first day. If it is a Friday jury selection, not later than Thursday. If it's a Monday, then not later than Friday.

The Court instructed counsel not to refer to witnesses and others by their first names, and to advise their respective witnesses regarding same. The Court directed counsel to refer to the Court's Standing Order regarding the sealing of the courtroom regarding confidential or highly sensitive testimony. Experts should be held to the four corners of their reports. Chambers will send an email regarding expert reports.

It was noted that juror questionnaires have been submitted to the jury administrator. Those questionnaires will be sent out to the venire once this case is on the list. Counsel should review Judge Gilstrap's Standing Order regarding the use and confidentiality of jury information. The pretrial order provides the requirements regarding juror notebooks. Each notebook shall contain a sheet with a head-and-shoulders photo of each witness with the name only above the photo and lines for taking notes, a copy of the patent(s), the Court's claim construction chart, a 3-hole punched note pad and a non-clicking pen. Twelve (12) jury notebooks should be dropped off with the Court on the same day that the jury questionnaires are picked up. If it is a Monday jury selection, the questionnaires/notebooks will be available/due Thursday afternoon after lunch. If it is a Friday jury selection, it will be a Wednesday afternoon after lunch.

The Court asked for any objections regarding witnesses. The parties had none.

The Court heard argument regarding disputed MILs. Mr. Nelson, Mr. Nassar, Ms. Srinivasan, and Mr. Gore argued on behalf of Plaintiff. Mr. Jang, Mr. Erwine, Mr. Saunders, and Mr. Pak argued on behalf of Defendant. The Court made rulings as set forth in the record.

The Court directed counsel to confer during the break about whether we should reach the exhibits today.

Recessed at 10:34 a.m.

Court reconvened. Mr. Nelson noted that the parties would like to at least make some progress on the exhibits today. The Court asked if the parties made progress re MIL No. 2. Mr. Nelson responded on behalf of Plaintiff. Mr. Pak responded on behalf of Defendant.

The Court continued hearing argument regarding disputed MILs. Mr. Jang and Mr. Saunders responded on behalf of Defendant. Mr. Gore responded on behalf of Plaintiff.

The Court heard argument on Defendant's Corrected Motion to Amend/Correct Objections to AMT's Proposed Trial Exhibits **(Dkt. No. 325)**. Mr. Nelson argued on behalf of Plaintiff. Mr. Jacobson argued on behalf of Defendant. The Court disfavored finding waiver and under the circumstances with it being raised before the issue is addressed by the Court, **GRANTED** Plaintiff's leave to assert that basis as part of their objection to those exhibits.

The Court heard argument on the exhibits. Mr. Nassar argued on behalf of Plaintiff. Mr. Yin argued on behalf of Defendant. The Court made rulings as set forth in the record.

Mr. Nelson and Mr. Pak agreed to continue taking up the exhibits closer to the trial date. The Court directed counsel to meet with Ms. Asbel to agree on a date in November. If there is any other document that is subject to 803(6) treatment, counsel should get a declaration before the next hearing, and the Court will take it up then.

Mr. Erwine addressed an issue regarding AMT's motion for leave to supplement one of their expert's reports. He requested permission to serve a rebuttal report to respond to the opinions. Mr. Nelson did not object assuming that the rebuttal report is limited to the scope of the supplemental report. If the parties do not agree on it, the Court directed counsel to provide a short statement of the position of each side in the joint notice discussed earlier.

Court adjourned.